# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,        :        Case No. 3:16-cr-160

                                              District Judge Thomas M. Rose
   -  vs  -                             Magistrate Judge Michael R. Merz

ELSTARHEEM MURRAY,

                Defendant.        :

---

# REPORT AND RECOMMENDATIONS ON MOTION FOR RECUSAL

---

This case is before the Court on Motion of Defendant Murray To Recuse District Judge Thomas M. Rose from involvement with Defendant's intended Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 84).

Although Defendant has not yet filed a motion to vacate, he has announced his intention to do so (See ECF No. 81). When he does, his motion will be referred to Judge Rose under Rule 4 of the Rules Governing § 2255 Motions because he is "the judge who conducted the trial[1] and imposed sentence."

Defendant grounds his Motion to Recuse on Judge Rose's admission of evidence during the motion to suppress hearing. In his opinion, the evidence relied on by the arresting officers

---

[1] There was no trial in this case because Defendant pleaded guilty, but Judge Rose would have held the trial if it had occurred and he is the judge who imposed sentence.

shows they engaged in a pretextual traffic stop consistent with racial profiling and harassment. Defendant asserts:

> Afican [sic] Americam [sic] Male United States Citizens should be protected by the same United States Constitution as everybody else that expects those rights. Judge Thomas M. Rose should enforce those rights as a matter Integrity and Justice.

(ECF No. 84, PageID 563.)  Defendant implies that in deciding the motion to suppress Judge Rose did not properly protect his rights and in particular heard evidence that was improperly admitted.

Defendant's counsel never objected during the motion to suppress hearing or in the Memorandum in Support of the Motion to Suppress that any of the evidence the Court heard was inadmissible.  Rather, the objection made in the Memorandum was that the observations made by the officers were insufficient to justify the investigative detention that followed.

After Judge Rose denied the Motion to Suppress in an extended opinion discussing all the evidence, Defendant entered into a Plea Agreement with the United States in which he agreed to plead guilty to Counts 1 and 2 of the Indictment (ECF No. 42, PageID 280).  In it he expressly reserved his right to appeal the Court's decision of his Motion to Suppress.  *Id.* at PageID 283, ¶ 9.  The Sixth Circuit affirmed, noting particularly that Defendant fled from the second traffic stop. *United States v. Murray*, 769 Fed. Appx. 273 (6th Cir. Apr. 25, 2019), cert. denied, *Murray v. United States,* 140 S. Ct. 201 (2019).  At no point in the appellate proceedings did Defendant suggest that Judge Rose's decision on the motion to suppress was tainted with racial bias.

Defendant's Motion to Recuse is made under 28 U.S.C. § 455(a) which provides "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The standard applied in evaluating recusal motions is an objective one.  "[W]hat matters is not the reality of bias or prejudice, but its appearance."  *Liteky v. United States,* 510 U.S. 540, 548 (1994).  A federal judicial officer must

recuse himself or herself where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. This standard is not based 'on the subjective view of a party,'" no matter how strongly that subjective view is held. *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990), *cert. denied* 499 U.S. 981 (1991); *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989); *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988).

§ 455(a) requires disqualification in any proceeding in which a judge's impartiality might reasonably be questioned. "This statute embodies the principle that 'to perform its high function in the best way justice must satisfy the appearance of justice.'" *Ligon v. City of New York (In re Reassignment of Cases)*, 736 F.3d 119, 123 (2nd Cir. 2013), *vacated on other grounds* 743 F.3d 362 (2nd Cir. 2014), quoting *In re Murchison*, 349 U.S. 133, 136 (1955).

> Section 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry. A reasonable observer is unconcerned with trivial risks, which are endemic. If they were enough to require disqualification we would have a system of pre-emptory strikes and judge-shopping, which itself would imperil the perceived ability of the judicial system to decide cases without regard to persons. ... There are not enough political eunuchs on the federal bench to resolve all cases with political implications; anyway it would be weird to assign all political cases to the naifs while concentrating antitrust and securities cases in the hands of political sophisticates. ... Tenure of office, coupled with the resolve that comes naturally to those with independent standing in the community have led a 'political' judiciary in the United States to be more assertive in securing legal rights against the political branches than is the politically neutral, civil service judiciary in continental Europe.

*In re Mason*, 916 F.2d 384, 385-87 (7th Cir. 1990)(Easterbrook, J.)

A disqualifying prejudice or bias must ordinarily be personal or extrajudicial. *United States v. Sammons,* 918 F.2d 592, 598 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1250 (6th Cir. 1989). That is, it "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *see also Youn v. Track, Inc.,* 324 F.3d 409, 423 (6th Cir. 2003), *citing Grinnell*, *supra; Bradley v. Milliken,* 620 F.2d 1143, 1157 (6th Cir. 1980), *citing Grinnell*, *supra*; *Woodruff v. Tomlin*, 593 F.2d 33, 44 (6th Cir. 1979) (citation omitted). The Supreme Court has written:

> The fact that an opinion held by a judge derives from a source outside judicial proceedings is not a *necessary* condition for 'bias and prejudice' recusal, since predispositions developed during the course of a trial will sometimes (albeit rarely) suffice. Nor is it a *sufficient* condition for 'bias and prejudice' recusal, since some opinions acquired outside the context of judicial proceedings (for example, the judge's view of the law acquired in scholarly reading) will not suffice. ... [J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion. See *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 16 L. Ed. 2d 778 (1966). ... Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."

*Liteky v. United States,* 510 U.S. 540, 554-55 (1994); *see also Alley v. Bell*, 307 F.3d 380, 388 (6th Cir. 2002)(quoting the deep-seated favoritism or antagonism standard). The *Liteky* Court went on to hold:

> *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration — even a stern and short-tempered judge's ordinary efforts at courtroom administration — remain immune.

510 U.S. at 555. Since the decision in *Liteky, supra*, "federal courts have been uniform in holding that § 455(a) cannot be satisfied without proof of extrajudicial bias, except in the most egregious cases." Flamm, Judicial Disqualification 2d § 25.99, citing *In re Antar*, 71 F.3d 97 (3rd Cir. 1995), overruled on other grounds *Smith v. Berg,* 247 F.3d 532, 534 (3rd Cir. 2001).

The Ohio Supreme court has held a judge is not disqualified from presiding over post-conviction matters by the fact that he presided at trial. *In re: Disqualification of Schweikert*, 110 Ohio St. 3d 1209 (2005). The same standard is plainly applicable to federal judges by the fact that Congress and the Supreme Court have provided that § 2255 motions be assigned to the judge hwo conducted the trial.

**Conclusion**

Defendant Murray has not shown cause of recusal under 28 U.S.C. § 455(a). His Motion to Recuse should therefore be denied.

May 17, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to

another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.