# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 3:16-cr-160

                           District Judge Thomas M. Rose
- vs -                      Magistrate Judge Michael R. Merz

ELSTARHEEM MURRAY,

        Defendant.    :

## DECISION AND ORDER

This case is before the Court on Defendant's Objections (ECF No. 86) to the Magistrate Judge's Report and Recommendations (ECF No. 85) recommending that the Motion of Defendant Murray To Recuse District Judge Thomas M. Rose (ECF No. 84) be denied.  As required by Fed.R.Civ.P. 72(b), the Court has reviewed *de novo* all portions of the Report to which specific objection has been made and rules on those objections in this Decision.

As the Magistrate Judge read the Motion for Recusal, Defendant was asserting that the evidence seized from him was the result of a pretextual traffic stop and that the real reason for the stop was racial profiling.  In recommending that the Motion for Recusal be denied, the Magistrate Judge noted that no claim of racial bias on the part of the Court was ever made in the suppression proceedings or on appeal.

1

The standard for recusal under 28 U.S.C. § 455(a) is objective.  "[W]hat matters is not the reality of bias or prejudice, but its appearance."  *Liteky v. United States,* 510 U.S. 540, 548 (1994).  The Magistrate Judge also noted that a disqualifying prejudice or bias must ordinarily be personal or extrajudicial.  *United States v. Sammons,* 918 F.2d 592, 598 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1250 (6th Cir. 1989).  That is, it "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."  *United States v. Grinnell Corp*., 384 U.S. 563, 583 (1966);  *see also Youn v. Track, Inc.,* 324 F.3d 409, 423 (6th Cir. 2003), *citing Grinnell*, *supra; Bradley v. Milliken,* 620 F.2d 1143, 1157 (6th Cir. 1980), *citing Grinnell*, *supra*; *Woodruff v. Tomlin*, 593 F.2d 33, 44 (6th Cir. 1979) (citation omitted).

To bolster his claim of bias, Defendant asserts that the assumption of criminal activity exists just because a police officer has made a stop is itself a violation of due process.  But Murray points to no facts which suggest this Court made that assumption.  In fact, the Court held a full evidentiary hearing on the motion to suppress and wrote an extended decision (Transcript, ECF No. 26; Decision, ECF No. 35).  That decision was upheld by the Sixth Circuit without any suggestion it resulted from bias or prejudice.

Murray next cites to the reprimand for unprofessional conduct imposed on the Assistant United States Attorney in *United States v. Sember*, Case No. 3:14-cr-141.  The same counsel represented the United States in Murray's case.  But it was also this Judge who reprimanded that attorney, so the Court is at a loss to understand how this would show the Court was biased against Murray.

Finally Murray asserts

> The issues this defendant is concerned with took place outside the criminal case the defendant had with this court and can be

2

> considered extrajudicial bias. Attorney for the defense, Mr. VanNoy had great concerns regarding this matter during the hearings.

(Objections, ECF No. 86, PageID 574.)  Mr. Van Noy certainly never voiced any such concerns and the Court is unaware of any extrajudicial contact or connection with the Defendant.  To show that an objective outside observer would find those facts showed bias, Defendant must at least say what they are, which he has not done.

Accordingly, the Magistrate Judge's Report is ADOPTED and the motion for Recusal is DENIED.

June 9, 2020                                                                                       *s/Thomas M. Rose

                                                                                                             Thomas M. Rose
                                                                                                           United States District Judge