# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

         Plaintiff,    :    Case No. 3:16-cr-160

                                                    District Judge Thomas M. Rose
- vs -                                       Magistrate Judge Michael R. Merz

ELSTARHEEM MURRAY,

         Defendant.    :

## DECISION AND ORDER

      This case is before the Court on Defendant's Objections (ECF No. 90) to the Magistrate Judge's Report and Recommendations (ECF No. 89) recommending that the Defendant's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 88) be denied.

      When a party files specific objections to a Magistrate Judge report on a dispositive motion, the District Court is required to review *de novo* any portion of the Report to which objection is made. Fed.R.Civ.P. 72(b)(3). The District Judge has conducted that *de novo* review and decides the Objections as set forth in this decision.

      Defendant does not object to the Magistrate Judge's recitation of the history of the case. As the Report concluded, after he lost his motion to suppress, Murray decided to rely on his suppression arguments as they might be persuasive to the Sixth Circuit. Based on that decision, he pleaded guilty conditionally to preserve the suppression arguments for appeal.

During the suppression hearing, Trooper Weeks testified convincingly that he stopped the car in which Defendant was riding (the first time as the driver, the second time as a passenger) when he observed the driver of the car commit a traffic violation.  As the Supreme Court held in *Whren v. United States*, 517 U.S. 806, 812-13 (1996), the motivations of a police officer in making a traffic stop are irrelevant so long as he has probable cause to believe an offense has occurred,  The Court relied on *Whren* in denying the motion to suppress (Entry and Order, ECF No. 35, PageID 255).

Whren is the governing law.  Nothing more that Attorney Van Noy could have done in "drilling down" on the possible racial bias of the investigators would have made a difference, once the Court found that Weeks' testimony as to probable cause was credible.

Murray relies in his objections on *Terry v. Ohio*, 392 U.S. 1 (1968).  But *Terry* is the case that authorizes an officer to pat down a person without probable cause to believe that person has committed an offense.

Murray argues that many people fail to come to a complete stop before turning right on red.  While he offers no evidence for that purpose, the Court assumes it is true.  But it is irrelevant.  Mr. Van Noy essentially elicited from Trooper Weeks the admission that the traffic stop after that violation was pretextual.  Under *Whren*, that fact is irrelevant.  Mr. Van Noy's introduction of evidence to that effect would not have made a different in the outcome of the suppression hearing.  Thus Murray has not established the prejudice prong of *Strickland v. Washington,* 466 U.S. 668 (1984).

Having reviewed the Report *de novo*, the Court finds Defendant has not shown the Report to be clearly erroneous as to any factual findings or contrary to law in its legal conclusions.  Accordingly, the Report is adopted and Defendant's Motion to Vacate is ordered dismissed with prejudice.  The Clerk will enter judgment to that effect.  Because Defendant has not shown that reasonable jurists would disagree with this conclusion, Petitioner is denied  a certificate of

appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 15, 2020.

*s/Thomas M. Rose*
_____
Thomas M. Rose
United States District Judge